United States District Court
For The Southern District of Illinois
Motion

Charles M. Everett
plaintiff

v                16- 1001 - SMY-DGW

Chestnut V. Powers
Jean Straza
        Collinsville Housing
Imani Brown
        defendants

Complying with Rule 11 of federal rules of
Civil Procedure
        whearas by this complaint clearly not being
fruvolous, nor merely to harass defendants
                                Whereas by federal
Rule of Civil procedure 12(b mental health
                                (see Shawn
Richard Coudriet, appellant v
                Psychologist Peter Saavedic Psychatrist
                                On appeal
from the United States District Court
                                for the
Western District of Pennsylvania
(D.C. Civil No. 1:11-cv-00185
                        District Judge Honorable
Sean J McLaughlen
            28 U.S.C.§ 1915 (e)(2)(B)
                        or Summary Action
Pursuant to Third Circuit
        L A R 27.4 and I.O.P. 106 Nov 7, 2013

(see Psychology + Law University of Oregon

Civil originals of

Criminal procedure

federal rule

Davis v U.S

Yerkes - Dodson Law

Federal Rule of Civil Procedure 12 ( b

mental health

whereas by the Rule of Civil Procedure 12 ( b

mental health

states Defense and objections

When and how presented

Motion for judgment on the pleadings

Consolidating Motions

Waiving defenses

and pretrial hearing

by rule 19,

A1

Point and Authorities

Defendants intentional misdiagnosis in tardive dykensia finding a lateness in the Disease Basal Ganglia, late in characteristics in a disease whereas by a histamine build up Causing the Mental disorder Anxiety, defendant found this Anxiety by the findings of Tourette Syndromme whereas by Scitzophenia a Mental disorder treated by Haldol whereas by a Mental disorder Anxiety need treatment by a medication of the type or as a Cimitidineo Found in misdiagnosis in Clinical studies in defendants use of clinical studies in use of Mareys I law. Defendants misdiagnosis in use of clinical studies in use of Mareys I law whereas by defendants use of May 5, 1987

A2

emergency room hospitalization by Dr. Cngiz Sumer, Dr. Phillip H. Dennis, and PHD Bernice L. Collins, and police Corless Childress

May 5, 1987 up until May 22, 1987 records of a preplanned misdiagnosis of plaintiff for the plaintiffs mother in or about 2000 to file a falsefied claim of broncitas broncitas in claim # 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 broncitas in the lungs of the plaintiffs mother whereas by Dr. C. Sumer, Dr. P. H. Dennis, and PHD Bernice L. Collis, and police Corless Childress intentionally misdiagnosis in symptoms, and signs of plaintiff inheriting of bronchial (broncus) from mother having broncitas in May 5, 1987, up until May 22, 1987, Final diagnosis in claim #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 by use of Dr. C. Sumer, Dr. Dennis, and Bernice L. Collins, and police Corless Childress whereas by a use of a violation of federal law HIPAA by use of Gilbert B. Chooms' (PHI) protected health Information on May 5, 1987, up until May 22, 1987 record, record as a toxic agent against Military psychiatrist, at MEPS St. Louis Mo.

In Any event, Southwestern Illinois College (SWIC), and Great Lakes Student loan Center, whereas by has evidence in plaintiff being a full-time student plaintiff being
intelligent fromm
whereas by not needing of a seasonal lamp, mood swing of mental disorder
of tardive dykenesia
whereas by a lateness in a disease characteristics
characteristics in Basal Ganglia
whereas by a misdiagnosis in treatment by Haldol
for Tourette Syndrome Scitzophenia
Defendants following May 5, 1987
May 22, 1987
misdiagnosis of Tardive Dykenesia
whereas by a lateness in a disease characteristics
characteristics in Basal Ganglia
whereas by a misdiagnosis in treatment for Tourette Syndrome
Scitzophenia
whereas by I. Brown billing a seasonal lamp
unnecessary to 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CI for the unlawful purpose of I. Brown
violating a federal law— HIPAa
(PHI) protected health information

Defendants

intentionally balling self his in billing medicare claim # 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CI

for Mental disorders of Basal Ganglia, and Tourette Syndrome whereas by plaintiff has intelligence

whereas by Defendants misdiagnosis of Tardive Dykenesia

whereas by mothers falsified claim # 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 of mother having Broncitas in the lungs

whereas by Dr. C. Sumer, Dr. Dennis, PHD Bernice L. Collins, and police Corliss Childress

falsely claim plaintiff inherited bronchial (broncus) in the Lungs

inherited to plaintiff by mother in claim # 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

whereas by in falsified claim # 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

mother insures in or about 2000 that a physician in claim # 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 would in awarding early retirement insurance diagnosis signs and symptoms of broncitas in the lungs from claim # 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 of misdiagnosis of

of plaintiff inheriting

bronchial (broncus) in the

lungs

inherited by plaintiff in claim #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

diagnosed

by Dr. C. Sumer, Dr. P. H. Dennis, PHD Bernice L. Collins, and

police C. Childress

inherited from

mother in

claim #348-42-

3336 diagnosed

by Dr. C. Sumer, Dr P. H. Dennis, PHD Bernice L.

Collins, and Police Corliss Childress whereas by a

violation of federal law

HIPAA

whereas by

(PHI)

protected health information

as a toxic

agent used May 5, 1987, up until May 22, 1987

of Gilbert B. Croom, protected health infor.

whereas by

being against the

United States of America

Military

psychiatrist

of

M L P S of

St. Louis Mo.

Defendants
                Whereas by clinical studies in the law
Yerkes-Dodson l law
                        To Brown violates federal law HIPAA
(PHI) protected health information
                                made possible by
defendants
            hospitalization from Friday evening to the
following Monday
            changing Haldol to Inuega
                                    and then
immedially changing the Inuega back to Haldol
                                                for the
purpose of billing newly acquired medicare claim #
        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C11
                    Defendants following the misdiagnosis
of the law Yerkes-Dodson l law
                                by Dr C. Sumer, Dr P
H. Dennis, PHD Bernice L. Collins, and Police Corliss Chillun
                                        whereas by
misdiagnosis causing declining in performance
                                        being whereas
by plaintiffs mother sister Arnetta Johnson
                                    falsifies a
police report to police Lester Anderson
                                falsily stating
plaintiff was not the grandson of Lucinda Smith, and had
no acquaintence to be standing in her 16-D Orr Weather
low income project home yard;
                        whereas by next Lucinda
Smith plaintiffs grandmother asks plaintiff for his entire
check, plaintiffs working on the President Riverboat, and
residing in Ladlede Town in St. Louis Mo, and refuses, Lucinda

A7

Smith

Calls police and claims falsely battery police Gregory Cox, arrests plaintiff the plaintiffs mothers sister, and the plaintiffs mothers mother falsifies claims to assure Corliss Childress police (families neighbor, and friend) arrest of plaintiff stating plaintiffs brother is the teacher to plaintiff that plaintiffs family desowns him Plaintiffs brother whom is also affiliated in Street Gang, Street Gang Vice Lords, and OWG Orr-Weathers Gangsters Police Corliss Childress (families neighbor, and friend) arrests plaintiff and calls Ambulance to hospital stating plaintiffs family desowns plaintiff and plaintiffs brother is whom is teaching plaintiff family desowns plaintiff whereas by plaintiffs brothers daughter whom she named after PHD Bernice L Collins of St. Marys Hospital 944 Porsche (Porsche Everett), and family and will not allow plaintiff to know Porsche Everett Porsche Everett grandmother Marilyn J. Smith Everett, great grandmothers, and aunts is called to the St. Marys Hospital to give the family history of adopted son Gilbert B. Croom under false pretense, to

A 8

assure

plaintiffs mothers claim #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 early retirement insurance falsely claiming she could not perform job duties or upgrade her education level of education from LPN to RN because of broncitas

she falsely claims to a South Carolina physician in claim #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 her son in claim #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 inherited bronchial (broncus) fromm her having broncitas.

Diagnosed by her friends, and former employees where she gained some credit points at St. Marys Hospital for retirement. St. Marys of St. Marys Hospital closed St. Marys Hospital because her Insurances were intentionally, and illegally being run up far too high. (see St. Marys v the people.)

In ref Federal Insurance Contributions Act Tax (FICA) or Self Employed Contributions Act Tax (SECA)

In ref United States v Quality Stores, Inc ( ) 693 F. 3d 605, reversed and remanded

Social Security Board v Nierotko 327 U.S 358 (66 S. Ct 637, 90 L. Ed. 718)

Wisconsin Statutes 51.15 Emergency detention

S. H. A 405 ILCS 5/2-102 from Cho 91112 par 2-102)

Threkeld v White Castle Systems, Inc., 127 F. Supp. 2d 986

S. H. A. 405 ILCS 5/3-805, 3-806...

In re Barbara H., 234 Ill. Dec. 215, 702 N.E 2d 555, 183 Ill 2d 482

Bl

## Nature of Case

Defendant, on April  , 2016, falsified in her computer plaintiff stated plaintiff he was feeling a Mental disorder. Plaintiff in his own words had stated plaintiff was feeling intelligent. Great Lakes student loan center had decided plaintiff would not be in default of student loans stating that plaintiff was in good standings, and that plaintiff could reapply to student loans, and grants to reenter (SWIC) as a Social Studies major. whereas by Student loan Center had decided plaintiff whom had attended (SWIC) for 2½ years in good faith earning better than a C average. In the day-care employment, Early childhood Education program whereas by plaintiff was forced from graduation, and being employed at Kindercare day care center because of a 20 year old possession, and delivery charge (plaintiff possessed + delivered controlled substance for police, FBI, and Lincoln High School Principle John Bailey Jr, and

informed to FBI possession, delivery, and IRS violations were occuring with supplies to plaintiff (see FBI v Deborah Gardner, FBI v Douglous Oliver FBI v Marcus Dale, FBI, and Internal Revenue Service v Charles Blackmon Sr, Darrion, and Kyle Blackmon, and Blackmon Liquor, FBI v O.C. Hamilton, see FBI v Kim Crawford (wired for vision, and sound v A. Graham, O. Comb, R. Lofton, and plaintiff (plaintiff not indicted) see People v Dale Tunstall plaintiff in good standings failed a background check, necessary to complete Edu course, whereas by course was placing plaintiff in his student/teacher job at Collinsville High School which is necessary to earn Certificate to teach whereas by on the one following FBI v Kim Crawford, indictment indictment DCI, Calvin Dye arrested Louis Hopkins, and plaintiff whereas DCI Terell wittnessed Hopkins giving plaintiff '4, two rocks plaintiff saling the '4, 2 Rocks of Crack receiving marked money, Plaintiff being arrested 20 years ago Disqualifying plaintiff to teach.

The charge was over 20 years old, but it was a charge disqualifying to obtain a Certificate to teach day-care. During the 2 1/2 years in the Early Childhood Education degree program at SWIC plaintiff obtained a C in psychology and continued to study the psychology curricular course to reenter SWIC, as a Social Studies major to earn a degree, and work in Social Work Plaintiff who was sleeping, eating well, and feeling intelligent from Continuing studies of psychology professor at SWIC Catina Williams notes whereas by on April , 2016 plaintiff exclaimed this feeling to defendant, and defendant in her own words in her computer recorded plaintiff had stated he was feeling a Mental disorder in the feeling of law Yerkes-Dodson I law whereas by law Yerkes Dodson I states as anxiety level increase, task performance is enhanced at first, but after a given point is reached further anxiety causes declining performance.

B4

A question is raised on the pleadings about whether a defendant intentional misdiagnosis, and treatment by wrong medications and dosage billing defendants his as health care providers whereas by intentional misdiagnosis following misdiagnosis in charts prepared May 5, 1987, up until May 23, 1987 prepared by St. Marys Hospitals Dr C. Surmes, Dr. P. H. Dennis, PHD B. L. Collins, and police C. Childress (all whomm friends, and former employees of plaintiffs mother whomm falsified broncitas in claim # 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 whereas intentional misdiagnosis in claim # 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 whereas by plaintiff by Emergency room hospitalization intentionally misdiagnosed as inheriting bronchial (broncus) from mother haveing Broncitas Causing plaintiff to have shoulder surgury fromm side affects of wrong dosage and medacations and in need of another shoulder surgury from Smuega wrong medicateon, and wrong dosage does releif in the maximum amount gualefy to plaintiff.

C1

Issues presented for Review

Whether the doctrine of Yerkes - Dodson I law is intentionally misdiagnosed in defendants treatment of plaintiff whereas by treatment of plaintiff

whereas by defendants intentional misdiagnosis following medical charts of a intentional misdiagnosis of Yerkes- Dodson I law by St. Marys Hospital Dr. C. Sumer, Dr P. H. Dennis, PHD Bernice L. Collins, and police Corliss Childress (all friends and former employees of plaintiffs mother)

whereas by Yerkes- Dodson I law states as anxiety level increases, task performance is enhanced at first, but after a given point is reached, further anxiety causes declining performance St. Marys Hospital Cengiz Sumer, P. H. Dennis, Bernice L. Collins, and police Corliss Childress (all friends of plaintiffs mother) diagnosed May 5, 1987 up until May 22, 1987 stating plaintiff working daily laying Sod, driving fork lifts stacking pallets, and roofing and shingling from 1971 up until May 5, 1987, graduating High School in 1985, entering Harris- Stowe Teacher College as a psychealust major in the fall of 1985, graduating through Mildred Louise - Business College, with a clerical certificate, being hired on a job in the Jones Park, Park District as maintenance, then enlisting with a score of 53, qualifying for the College fund in the United States Army as a field artillery, being sworn in, whereas by

C2

being a overnighter at the Best Western Motel set in the morning to be shipped off for basic training in Oklahoma City, Oklahoma whereas by a hold placed by military authority for review of a Air Force Recruit female sleeping in plaintiffs Motel Room on night before being shipped out Then while waiting on decision on May 5, 1987 (neighbor of plaintiffs family) Whereas by police C. Childress, with no charges, arrest plaintiff takes plaintiff to E. St. Louis jail from jail calls Ambulance to jail, to send plaintiff to St. Marys Hospital stating family disowns plaintiff plaintiffs family uneducated, illiterate alcohol, controlled substance, and unprescribed medication addicted Street Gang, and low income project religious controlled substance alcoholic, and unprescribe medication memmbers, and all majority unemployed, and rent low income project housing units; finally majority all on General Assistance, public Aid, and Social Security whereas by declining performance being plaintiff educating himself not affiliating in street gangs nor the O W G, Orr Weathers Gangsters but cooperating with law enforcement agents, teachers, politicians, and staying employed

Defendants in intentional misdiagnoses of Yerkes-Dodson I law which states as anxiety level increases task performance is enhanced at first, but after a given point is reached, further anxiety causes declining performance Defendant stating plaintiff whom had previously been working with American Community Services of Terre Haute, Ind earning $9300.00 a week in magazine sales then employed at 3rd Base, and Mc Murphys Bar, and Grill whereas by employed at decked out landscaping 2 years, also employed seasonal for 2 years at the Springfield Il State Fair and attending Lincolnland Community College as a Registered Nurse major making Straight A's but I.T.O.P.R. employees violated HIPaa in investigation case #2009-02497 Causing plaintiff to relocate whereas by plaintiff enrolled in Southwestern Illinois College for 2 1/2 years, and was employed at Elite Staffing Whereas by defendant treating clients whomm

C4

- have addictions of alcohol, controlled substances, unprescribed medications

affiliated in Street Gangs, and neighborhood religious unlawful rings

mostly nearly of defendant

Clients Do not attend any college, and or universities

whereas by defendants, medical treatment team

removed plaintiff from

Monday thru Thursday

Opportunity Wellness Classes

stating plaintiff

discussing Yerkes-Dodson I law and Histamine build up

and Cimidetine a medicine that

blocks Histamine

stating plaintiff did not have the same goals

as defendant,

Di

Jurisdiction

Federal

Title 1

Scope of Rules; Form of Action

Title II

Commencing an Action

Service of Process

pleadings, motions, and orders

Title III

Pleadings and

Motions

Title IV

Parties

Title V

Disclosure and discovery

Title VI

Trials

to federal Questions

to

federal law

violation of HIPaa

D2

E1

Statement of Facts

Defendants
                    intentional misdiagnoses of
Yerkes-Dodson I law
                    whereas by prescribing wrong
medications and wrong dosages of medications
                              Inuega, instead of prescribing
of a proper medication, and dosages of a
                         medication Cimilitine
for the purpose of what would be the blocking of a
build up of Histamine
                    whereas by a diagnosis of signs
and symptoms of bronchial (broncus)
                                   in the lungs of
plaintiff
              inherited from mother having broncitas in
the lungs
              in falsified claim #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
                                   whereas by
defendant billing medicare claim #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CI
                                   purchasing
of a seasonal lamp, of uneasiness of a pain
                                   mental
disorder by defendant
                    for the purpose of defendant
violation of federal law
                    HIPaa
                         (PHI) protected health
information
              whereas by
                    accomplished by defendant hospitalization
of plaintiff for the purpose of intentional misdiagnosis
of Yerkes-Dodson I law for billing self his by unnecessary

billing medicare claim #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C1,
(see Threkeld
v   White Castle Systems, Inc., 127 F. Supp. 2d 986
Defendant
following of medical charts
prepared May 5, 1987 up until
May 22, 1987
prepared by St. Marys Hospitals
Dr. Cengiz Sumer,
Dr. P. H. Dennis, PHD Bernice L. Collins, and Police C. Childress
(all friends, and former employees of plaintiffs mother)
Dr. C. Sumer,
Dr. P. H. Dennis, PhD Bernice L. Collins
intentional misdiagnosis
of Yerkes-Dodson l law
whereas by violation of federal law
HIPaa
Security Rule
42 U.S.C Ch 21 privacy protection
42 U.S. Code Chap 7
whereas by Dr. C. Sumer, Dr P.H, Dennis
PHD Bernice L. Collins
use of electronically stored records of
plaintiffs
dating back to 1978, 1978 plaintiff had a broken leg,
and dating back to 1983, 1983 plaintiff had a tendon repair
whereas by
Dr. Cengiz Sumer, Dr. P. H. Dennis, and PHD Bernice L. Collins
in use of
electronically stored records
in their own words state plaintiff
was having anxiety, an uneasiness of pain, by a histamine
build up, remembering in final diagnosis of pain brought forth

E3

in 1978, broken leg, and 1983, tendon repair whereas by anxiety, uneasiness of pain, a histamine build up kept plaintiff from continuing daily functions.

## Standard of Review

When reviewing a dismissal

F3

# Argument

Defendant intentional misdiagnosis in Yerkes-Dodson I law which states

as anxiety level increases, task performance is enhanced at first, but after a given point is reached, further anxiety causes decling performance Defendants whomm has obligations to federal law HIPaa whereas by defendant violates federal law HIPaa also whereas by defendant intentional misdiagnosis in Mareys I law which states