IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES M. EVERETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:16-cv-1001-SMY-DGW |
| v. | ) |
| | ) |
| CHESTNUT V. POWERS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Recruitment of Counsel (Doc. 3) and Motion for Service of Process at Government Expense (Doc. 4) filed by Plaintiff, Charles M. Everett. Plaintiff's motions are **DENIED WITHOUT PREJUDICE**.

With regard to his motion for recruitment of counsel, Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order

to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

At the outset, the Court notes that Plaintiff has not met his initial burden in attempting to recruit counsel on his own. Indeed, Plaintiff has not explained any steps he has taken in an effort to find counsel and merely states in his motion that he has not been able to find an attorney because of "mental illness, and lawyers back off big names" such as Judge Herndon and Lisa Madigan. Said information is simply insufficient to demonstrate that he has met his threshold burden. Plaintiff is advised that in order to demonstrate sufficient efforts to recruit counsel, he must include correspondence sent to, and/or received from, at least three attorneys regarding representation in this matter. For this reason, Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED WTIHOUT PREJUDICE**.

Plaintiff has also filed a Motion for Service of Process at Government Expense (Doc. 4). Plaintiff asks the Court to order service of process be made by a United States marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). As Plaintiff's Motion for Leave to Proceed In Forma Pauperis remains pending and service by a United States marshal is not mandatory unless Plaintiff is authorized to proceed *in forma pauperis*, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**. The Court, on motion by Plaintiff or on its own motion, may reconsider its decision following a ruling on the pending Motion to Proceed In Forma Pauperis.

**IT IS SO ORDERED.**

DATED: February 14, 2017

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**